**In re UNIVERSAL ACCESS, INC., et al SECURITIES LITIGATION.**

No. Civ.A. 9:02–CV–103–JH.

United States District Court,
E.D. Texas,
Lufkin Division.

Aug. 8, 2002.

---

George L. McWilliams, Richard Andrew Adams, Patton Halton Roberts, McWilliams & Greer LLP, Texarkana, TX, Claude Edward Welch, Law Offices of Claude E. Welch, Lufkin, TX, Edward Lewis Hohn, Bradley Earl Beckworth, Nix, Patterson & Roach LLP, Daingerfield, TX, Kenneth Edward Shore, Shore-Deary LLP, Dallas, TX, Michael Wayne Shore, Shore & Deary, Dallas, TX, Deborah R. Gross, Christopher Reyna, Law Offices of Bernard M. Gross, Philadelphia, PA, Don Edwin Stokes, Stokes Law Office, Marshall, TX, Steven G. Schulman, Samuel H. Rudman, Milberg, Weiss, Bershad, Hynes & Lerach LLP, New York City, William B. Federman, Federman & Sherwood, Dallas, TX, for plaintiffs.

David Joseph Guillory, Attorney at Law, Nacogdoches, TX, Emily Alexander, Sullivan & Cromwell, Los Angeles, CA, Edward D. Johnson, Michael Lacovara, Sullivan & Comwell, Palo Alto, CA, for defendants.

### JURY TRIAL DEMANDED

HANNAH, Chief Judge.

### AMENDED ORDER CONSOLIDATING CASES, APPOINTING LEAD PLAINTIFFS, AND APPROVING SELECTION OF LEAD AND LIAISON COUNSEL

Before the Court are the competing Motions of the Frandsen Group and the Louie Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel pursuant to Section 21D of the Securities Litigation Reform Act of 1995 ("PSLRA"). After reviewing the written and oral arguments of the parties, as well as the applicable law, it is the opinion of the Court that the Motion should be GRANTED.

#### I. BACKGROUND

Presently pending before this Court are two securities class actions (the "Actions" or "Lufkin Actions"), brought on behalf of all persons who purchased the securities of Universal Access, Inc./Universal Global Holdings, Inc. ("UAXS") between May 10, 2001 and March 22, 2002, inclusive (the "Class Period"). The Lufkin Actions are styled:

> *Frandsen v. Universal Access, Inc., et al.,* Cause No. 9:02–CV–103 (hereinafter the "*Frandsen* action"); and

> *Steven Reynolds, v. Universal Access, Inc., et al.,* Cause No. 9:02–CV–112.[1]

---

1. Subsequent to the date Frandsen filed the first Complaint in this action, several other persons

Each of these cases allege identical violations of Section 10(b), and 20(a) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(J)(B) and 78(t)), and Rule 10b–5 promulgated thereunder (17 C.F.R. § 240.10b–5).

The substantive factual background of the Lufkin Actions can be found in the Original Complaint captioned *John Frandsen vs. Universal Access, et al.,* Cause Number 9:02–CV–103 (the *"Frandsen* Complaint"). The *Frandsen* Complaint was the first Complaint filed in this matter and was filed on behalf of Mr. Frandsen and the putative class.

The same day Frandsen filed his Original Complaint, April 25, 2002, he caused notice of filing to be disseminated pursuant to the mandate of the PSLRA on the Business Wire national wire service (hereinafter "the Notice"). Subsequent to the date Frandsen disseminated the Notice, 5 individuals filed complaints identical to the Frandsen Complaint in the United States District Court for the Northern District of Illinois.

On June 24, 2002, Frandsen, together with putative class members John Frandsen, William Ryback–Luedi, Jerry Freeland, George Tenyer and Michael Whelan (hereinafter "Movants" and/or "the Frandsen Group") filed the present Motion, seeking an order from this Court: (i) consolidating the above-captioned actions; (ii) appointing the Frandsen Group as Lead Plaintiff for the Class under Section 21D(a)(3)(B) of the Exchange Act, and (iii) approving the Frandsen Group's selection of Co–Lead Counsel Liaison Counsel.[2]

Also on June 24, 2002, another group consisting of Rick Louie, Dennis R. Jensen, Ruben Urcis, and Nick J. Snitzer (hereinafter the "Louie Group"), filed a Motion to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel in this Court under the Lufkin Actions. No other person or group of persons filed a

filed essentially identical complaints against Defendants in the United States District Court for the Northern District of Illinois.

motion for consolidation and/or appointment as lead plaintiff in this Court.

Counsel for the Frandsen Group and Counsel for Defendants subsequently entered into a Stipulation and Agreed Preliminary Scheduling Order for the Frandsen Case, which the Court then signed and entered as an Agreed Order. The Agreed Order allows Defendants 45 days to move, answer or otherwise respond to the Frandsen Action from the date the Court signs an Order either granting or denying the Frandsen Group's Motion. The Agreed Order also sets forth a briefing schedule regarding the deadlines for the Frandsen Group to file an Amended Consolidated Complaint, the Defendants to file a motion to dismiss, answer or other motion, and for the Frandsen Group to file a reply thereto.

The Court then issued an Order dated July 12, 2002 setting a hearing on the competing motions of the Frandsen Group and the Louie Group to be held on July 29, 2002 at 5:00 p.m. CST in Lufkin, Texas. The clerk issued notice of this hearing to counsel for the Louie Group, Steven Reynolds, and the Frandsen Group. The Court held a hearing on these matters as scheduled on July 29, 2002 at 5:00 p.m. CST in Lufkin, Texas, as set forth in the Order. Representatives for Steven Reynolds, StoneRidge Investment Partners, L.L.P. ("StoneRidge"), the Frandsen Group, and Defendants appeared at this hearing. During the hearing, the Law Offices of Bernard Gross, P.C., counsel for Steven Reynolds and StoneRidge, informed the Court that Reynolds did not oppose the Frandsen Group's Motion and, instead, was attending the hearing in support of such Motion. Additionally, counsel for Defendants appeared at the hearing and informed the Court that Defendants take no position with respect to the competing motions. Although given notice of the hearing, neither counsel for the Louie Group nor any representative from the Louie Group appeared at the hearing.

2. During the hearing held by the Court on July 30, 3002, the Frandsen Group orally amended its motion in part, as discussed in greater detail below.

For the reasons stated below, the Court finds that the Motion of the Frandsen Group is well-taken and should be and is hereby GRANTED.

## II. DISCUSSION

### A. CONSOLIDATION OF THE LUFKIN ACTIONS

■ Consolidation is appropriate where there are actions involving common questions of law or fact. FED.R.CIV.P. 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.1990). Further, the PSLRA expressly requires that the Court enter an order consolidating similar actions:

If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) [the appointment of lead plaintiff/lead counsel] until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff for the consolidated actions in accordance with this paragraph.

15 U.S.C. § 78u–4(a)(3)(B)(ii).

■ Here, the Lufkin Actions each assert class claims on behalf of the purchasers of UAXS securities for alleged violations of the Exchange Act during the relevant time period. The actions name the same Defendants and involve the same factual and legal issues. They are each brought by investors who allegedly purchased UAXS securities during the relevant time period in reliance of the integrity of the market for such securities and were allegedly injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the price of UAXS securities at all relevant times. Thus, the Reynolds and Frandsen actions allege identical claims against identical parties.

Further, Reynolds has not filed any opposition to the Frandsen Group's Motion to Consolidate. In fact, Reynolds counsel appeared at the hearing and informed the Court that Reynolds does not oppose consolidation and, instead, supports the Frandsen Group's Motion. Likewise, the Louie Group neither appeared at the hearing nor filed a response in opposition to the Frandsen Group's Motion to Consolidate. More importantly, the Louie Group moved for entry of an order consolidating the two actions into a single action in this Court. *See* Motion of Louie Group at p. 4.

Therefore, the Court finds that the tests set forth by FEDERAL RULE OF CIVIL PROCEDURE 42(a), as well as the PSLRA, 15 U.S.C. § 78u–4(a)(3)(B)(ii) are met here. Further, the Court finds that Reynolds does not oppose the Frandsen Group's Motion to Consolidate, that the Louie Group requested consolidation of the two Lufkin actions, and that the Louie Group failed to file a response in opposition to the Frandsen Group's Motion or to otherwise appear at the hearing. The Court finds that consolidation is appropriate. Accordingly, the Court hereby ORDERS that *Frandsen v. Universal Access, Inc., et al.*, Cause No. 9:02–CV–103 and *Steven Reynolds, v. Universal Access, Inc., et al.*, Cause No. 9:02–CV–112 are hereby CONSOLIDATED into a single action styled IN RE UNIVERSAL ACCESS, INC. SECURITIES LITIGATION, under a single cause number: 9:02–CV–103.

### B. APPOINTMENT OF LEAD PLAINTIFF(S)

■ The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u–4(a)(1) and (a)(3)(B)(I). Pursuant to the PSLRA, the class member(s) who has (1) moved for appointment as lead plaintiff, (2) in the determination of the Court, has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23, is presumptively the most adequate plaintiff and, as such, must be appointed lead plaintiff of the action on behalf of the class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption can only be rebutted if another class member provides

proof that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render that plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). A motion for consolidation and/or appointment of lead plaintiff cannot be challenged by a defendant in the action. *Id.; see also In re Triton Securities Litigation,* 70 F.Supp.2d 678 (E.D.Tex.1999).

The PSLRA first requires the person who files the initial action to publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u–4(a)(3)(a)(i). The Court finds that Plaintiff Frandsen was the first person to file suit against UAXS. *See* Frandsen Complaint; *see also* Beckworth Decl., Ex. B. The Court also finds that Frandsen promptly caused notice to be published on the Business Wire on April 25, 2002, 2002, the day he filed his Complaint. *See* Beckworth Decl., Ex. B. The Business Wire has consistently been recognized as a suitable vehicle for meeting the PSLRA's statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire services." *Greebel v. FTP Software, Inc.,* 939 F.Supp. 57, 62–64 (D.Mass.1996); *Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 WL 461036, at *1, 1997 U.S.Dist. LEXIS 11866, at *2 (N.D.Ill. Aug. 6, 1997). Therefore, the Court finds that Plaintiff Frandsen complied with the initial notice requirement of the PSLRA.

The PSLRA next requires that, within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u–4(a)(3)(A) and (B). Here, the first notice was filed on April 25, 2002. Thus, the deadline for filing lead plaintiff/lead counsel motions was June 25, 2002. The Frandsen Group and the Louie Group filed their Motions on June 24, 2002 and June 25, 2002, respectively. No other person filed a motion for consolidation and/or appointment by the 60 day deadline or at any time thereafter. Therefore, the Court finds that the Frandsen Group and the Louie Group timely filed their respective Motions within the 60 day deadline required by the PSLRA.

Having found that both the Frandsen Group and the Louie Group timely moved for appointment as lead plaintiff and for approval of their respective selection of lead counsel, the Court must next determine which, if any, of these Groups is the most adequate lead plaintiff under the PSLRA. The PSLRA provides that within 90 days after publication of the notice of filing, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C § 78u–4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of person that
>
> > (aa) has either filed the complaint or made a motion in response to a notice
> > ...
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u–4(a)(3)(B)(iii). Here, as discussed above, the Court finds that both the Louie Group and the Frandsen Group satisfied the PSLRA's 60 day deadline for moving for lead plaintiff/lead counsel appointment.

However, the Court finds that the Frandsen Group meets the PSLRA's most adequate plaintiff test and, as such, is the most adequate lead plaintiff. The Frandsen Group has (collectively) signed and filed certifications stating that they have reviewed the Complaint and are willing to serve as representative parties on behalf of the Class. *See* Beckworth Decl., Ex. C. In addition, as discussed below, Movants have selected and retained competent counsel to represent

them and the Class. *See* Beckworth Dec., Ex. D–F. Accordingly, the Frandsen Group has satisfied the individual requirements of 15 U.S.C. § 78u–4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff considered by the Court.

Both the Frandsen Group and the Louie Group consist of individual class members seeking to join together as a group for purposes of acting as lead plaintiff. The plain language of the PSLRA expressly states that a group may be appointed Lead Plaintiff. Indeed, the act refers expressly to the appointment of a "person **or group of persons.**" 15 U.S.C. 78u–4(a)(3)(B)(iii) (emphasis added). Courts interpreting this issue have routinely held that the appointment of a group of persons to acts as lead plaintiff is appropriate under the PSLRA and, indeed, is sometimes favored in light of the diversity of experience and interests of the group members. *See Holley v. Kitty Hawk, Inc.,* 200 F.R.D. 275, 282 (N.D.Tex.2001) (aggregating the total damages suffered by the Lead Plaintiff group and stating that losses totaling $466,387.38 can be aggregated and that such substantial losses gave the group the incentive to act as adequate representatives of the class); *In re Triton Securities Litigation,* 70 F.Supp.2d 678 (E.D.Tex.1999); *In re Cephalon Sec. Litig.,* [1996–97 Transfer binder] Fed.Sec.L.Rep. (CCH) 99,313, at 95,895, 1996 WL 515203 (E.D.Pa. Aug.27, 1996); *Lax,* 1997 WL 461036, at *5, 1997 U.S.Dist. LEXIS 11866, at *17

Thus, the Court finds that selection of a group of persons to act as lead plaintiffs is entirely appropriate under the PSLRA and, more specifically, is appropriate in this case. Further, the Court notes that no person or party has filed any opposition challenging such an appointment in this case. Accordingly, the Court finds that it is appropriate to select a group of persons to act as lead plaintiffs in this case.

■ The Court must next determine whether the Frandsen Group or the Louie Group should be appointed lead plaintiff. According to the certifications attached to their Motion and the Beckworth Declaration, the Frandsen Group purchased thousands of UAXS shares and lost approximately $740,000 in connection therewith. *Id.* The largest single investor loss in the Frandsen Group was that of Mr. William Rybek–Luedi, in an amount of approximately $280,000.00. According to the Louie Group's certifications and the Federman Declaration, however, the Louie Group's collective losses were less than $140,000.00. Thus, the Court finds that the Frandsen Group has the largest financial losses at stake in this case when compared to all other movants. The Court also finds that the losses of Mr. Rybek–Luedi, standing alone, are larger than any individual member of the Louie Group standing alone, or when the losses of all members of the Louie Group are added together. The Court finds that there are no other applicant or applicant groups who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest than the Frandsen Group.

As such, the Frandsen Group is the presumptive most adequate lead plaintiff under the PSLRA. No evidence whatsoever has been presented by any person to rebut this presumption. Indeed, no such attempt to rebut this presumption has even been made. Accordingly, the Court finds that the Frandsen Group satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u–4(a)(3)(B). *See Holley v. Kitty Hawk, Inc.,* 200 F.R.D. 275, 282 (N.D.Tex.2001); *In re Triton Securities Litigation,* 70 F.Supp.2d 678 (E.D.Tex.1999); *Greebel,* 939 F.Supp. at 64 (movants had demonstrated the largest financial interest in the relief sought by the class and were appointed lead plaintiff).

According to 15 U.S.C. § 78u–4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are

typical of the claims of defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification *Lax*, 1997 WL 461036, at *6, 1997 U.S.Dist. LEXIS 11866, at *20; *Fischler v. AmSouth Bancorporation*, No. 96–1567–Civ–T–17A, 1997 WL 118429, at *2–3, 1997 U.S.Dist. LEXIS 2875, at *7–8 (M.D.Fla. Feb. 6, 1997). The Court finds that the Frandsen Group should be appointed Lead Plaintiff because they satisfy the typicality and adequacy requirements of Rule 23, as well as all requirements of Rule 23.[3]

The numerosity requirement of Rule 23(a)(1) is clearly satisfied here. The precise number and identity of class members need not be shown for certification of the class; good faith and common sense estimates suffice. *See, e.g., Moskowitz v. Lopp*, 128 F.R.D. 624, 628 (E.D.Pa.1989); *Ashe v. Board of Elections*, 124 F.R.D. 45, 47 (E.D.N.Y.1989). The numerosity prerequisite "is generally assumed to have been met in class action suits involving nationally traded securities." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1039 (5th Cir. 1981). Over 94,000,000 shares of UAXS common stock allegedly were outstanding during the class period. *See Frandsen* Complaint. Therefore, the number of putative class members here appears to be "so numerous that joinder of all members is impracticable"

and there is no evidence in the record to the contrary FED.R.CIV.P. 23(a)(1).

Second, "there are questions of law or fact common to the class." FED.R.CIV.P. 23(a)(2). The commonality element requires a determination that "there are questions of law or fact common to the class." FED.R.CIV.P. 23(a)(2). " 'The threshold for commonality is not high.' " *Bertulli v. Indep. Ass'n of Continental Pilots*, 242 F.3d 290, 296–97 (5th Cir.2001) (internal citation omitted); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir.1999) ("The test for commonality is not demanding. . . ."). Commonality does not require that all questions of law or fact be identical, but is met " 'where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members.' " *Mullen*, 186 F.3d at 625 (internal citation omitted). A single question common to the proposed class is sufficient to satisfy the Rule 23(a)(2) requirements. *Id.* Here, Defendants engaged in a uniform series of acts and/or omissions directed in a uniform manner to all putative class members. As outlined in paragraph 23 of the *Frandsen* Complaint, numerous common questions of law and fact are alleged in this case. As such, Rule 23(a)(2) is satisfied, at least under this preliminary analysis.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.* 798 F.2d 590, 598 (2d Cir.1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class rep-

**3.** The law is clear that movants are not required to "prove up" a motion for class certification at this stage of the litigation under the PSLRA. However, the Court will briefly address each element of Rule 23 in this analysis. While the Court finds that the Frandsen Group passes muster under the Court's Rule 23 analysis at this stage of the proceedings, the Court also holds that nothing herein should be deemed to suggest that the Defendants will be prejudiced from challenging the Frandsen Group's individual mem-

bers ability to serve as class representatives or the ability of this case to proceed as a class action at the class certification stage of this case. The Court realizes that the PSLRA does not entitle Defendants to challenge a motion for appointment as lead plaintiff, while, at the same time, the PSLRA requires the Court to make a threshold Rule 23 analysis. Thus, the Court will entertain any response to a motion for class certification at the appropriate time pursuant to any scheduling order issued by the Court.

resentatives are typical. *See Priest v. Zayre Corp.,* 118 F.R.D. 552, 555 (D.Mass.1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (citations omitted).

The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See In Re Great Southern Life Insurance Company Sales Practices Litigation,* 192 F.R.D. 212, 217 (N.D.Tex.2000) *(citing Phillips v. Joint Legislative Comm. On Performance & Expenditure Review,* 637 F.2d 1014, 1024 (5th Cir.1981)). Further, generally in a Section 10(b) class action such as this the issue of individual reliance does not create individual questions, nor impede class certification, because of the presumptions created by the Supreme Court in *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 153–154, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972) (holding reliance on omissions may be presumed), and *Basic, Inc. v. Levinson,* 485 U.S. 224, 241–242, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988) (adopting the fraud-on-the-market doctrine, and holding reliance on affirmative misrepresentations may be presumed).

The Frandsen Group satisfies this requirement under this preliminary analysis because, just like all other class members, they allegedly: (1) purchased UAXS securities during the Class Period; (2) purchased UAXS securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Further, no party or person has raised any evidence or attempted to demonstrate that the Frandsen Group is subject to any unique defenses under Rule 23(a)(3). Thus, at least under the preliminary analysis required by the PSLRA, it appears that the Frandsen Group's claims are typical of those of other Class members as their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately pro-tect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation *Modell v. Eliot Sav. Bank,* 139 F.R.D. 17, 23 (D.Mass.1991) (citing *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir.1985)). Further, the Fifth Circuit has held that a class representative in a PSLRA case must be willing and able to (a) take an active role in the litigation, (b) protect the interests of absent class members, and (c) possess a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation. *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (5th Cir.2001).

Here, based upon the evidence in the record, the Court finds that the Frandsen Group members are adequate representatives of the Class for purposes of this preliminary analysis. The Frandsen Group's interests are aligned with the interests of the Class because they allegedly suffered from the same alleged artificial inflation of UAXS stock price, and would benefit from the same relief. Furthermore, there is no evidence of antagonism between the Frandsen Group and the Class. Moreover, the Frandsen Group demonstrated its commitment to protect the interest of the Class by (i) initiating the action (Mr. Frandsen) and publishing and/or responding to the notice mandated by the PSLRA; (ii) retaining competent and experienced counsel to prosecute these claims; and (iii) agreeing to take an active role in the litigation. The Frandsen Group also has demonstrated that it has knowledge of this litigation, as evidence by the detailed Complaint filed by Mr. Frandsen. The Frandsen Group also maintains in its pleadings and argument that its members are willing and able to monitor and control this litigation. In addition, as shown below, the Frandsen Group's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the evidence produced thus far establishes that the Frandsen Group

*prima facie* satisfies the requirements of Rule 23(a) for the purposes of this preliminary Rule 23 analysis required by the PSLRA.[4]

Accordingly, the Court finds that the Frandsen Group satisfies all elements of the PSLRA and passes muster under the Court's preliminary Rule 23 analysis required by the PSLRA. The Court therefore GRANTS the Frandsen Group's Motion for Appointment as Lead Plaintiff. Additionally, the Court notes that the Frandsen Group has sought leave to include one additional member in this group, StoneRidge Investment Partners, L.L.C. Information presented at the hearing demonstrates that StoneRidge filed a timely motion for appointment as lead plaintiff in the Chicago actions and that StoneRidge is an individual institutional investor with losses totaling over $400,000.00. The Frandsen Group has informed the Court that it wishes to include StoneRidge in this group of lead plaintiffs because it believes such action is in the best interests of the class, as StoneRidge is an institutional investor with large losses and significant knowledge regarding this case, which will assist in the prosecution of Plaintiffs' claims. The Frandsen Group also has stated that it does not seek to have StoneRidge's losses included in the aggregate losses of the Frandsen Group, and is not seeking to add StoneRidge in this group to help create a larger aggregate loss number.

The Court finds that it is appropriate to grant the Frandsen Group's request to include StoneRidge in the lead plaintiff group. The Court has not considered the losses of StoneRidge in making the Court's determination regarding the aggregate financial losses suffered by the Frandsen Group. The Court also finds that, for the reasons stated above, StoneRidge, like the other members of the Frandsen Group, also passes the preliminary Rule 23 analysis required by the PSLRA. The Court also notes that there has been no opposition to this request and that Defendants represented to the Court at the hearing that Defendants take no position regarding any matters raised at the hearing.

### C. APPOINTMENT OF LEAD PLAINTIFFS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v), a lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, the Frandsen Group orally moved at the hearing for the appointment of Nix, Patterson & Roach, L.L.P. and the Law Offices of Bernard Gross, P.C. to serve as Plaintiffs' Co–Lead Counsel and Claude E. Welch to serve as Plaintiffs' Liaison Counsel. Based on the Declaration submitted by Brad Beckworth, and the firm resume submitted by the Law Offices of Bernard Gross, P.C. at the hearing, the Court finds that the Frandsen Group's choice of Co–Lead Counsel have substantial experience in the prosecution of class actions and, more specifically, PSLRA class actions, have the resources necessary to efficiently conduct this litigation, and are adequate representatives of this proposed class. The Court also finds that their choice of Liaison Counsel is well-qualified to act as local counsel in this case in this Court. *See* Beckworth Decl. Ex. D–F. The court also takes judicial notice of its experiences with Nix, Patterson & Roach, L.L.P. and Claude E. Welch as evidence favoring the Frandsen Group's choice of Co–Lead and Liaison Counsel. Accordingly, the Court hereby GRANTS the Frandsen Group's selection of Lead and Liaison Counsel.

### III. CONCLUSION

For all the foregoing reasons, the Court finds that the Frandsen Group's Motion should be GRANTED. Accordingly, the Court ORDERS the following:

1. The cases styled *Frandsen v. Universal Access, Inc., et al.,* Cause No. 9:02–CV–103 and *Steven Reynolds, v. Universal Access, Inc., et al.,* Cause No. 9:02–CV–112 are hereby CONSOLIDATED into a single action styled IN RE UNIVERSAL ACCESS, INC. SECURITIES LITIGATION, under a single cause number: 9:02–CV–103, and the Court directs the Clerk's Office that all future filings in this matter

---

4. Having determined that the Frandsen Group is the most adequate lead plaintiff, the Court need

not undertake a Rule 23 analysis with respect to the Louie Group.

are to be filed under this single consolidated style and cause number. The Court also notes that, pursuant to the requirements of the PSLRA, the Court has consolidated these cases prior to appointment any person(s) as lead plaintiff(s).

2. John Frandsen, James P. Newsome, William Ryback–Luedi, Jerry Freeland, Michael Whelan, George Tenyer and StoneRidge Investment Partners, L.L.C are appointed Lead Plaintiffs in this matter;

3. Nix, Patterson & Roach, L.L.P and the Law Offices of Bernard Gross, P.C. are appointed and approved as Lead Plaintiffs' Co–Lead Counsel and the Law Offices of Claude E. Welch is appointed and approved as Lead Plaintiffs' Liaison Counsel.

4. The Louie Group's Motion for Appointment of Lead Plaintiff and Approval of Choice of Lead and Liaison Counsel is DENIED.

It is so ORDERED.